**Darin M. Sands, OSB No. 106624**
dsands@bradleybernsteinllp.com
**BRADLEY BERNSTEIN SANDS LLP**
1425 SW 20th Ave., Suite 201
Portland, Oregon 97201
Telephone: 503.734.2480

**Peter D. Hawkes, OSB No. 071986**
peter@angelilaw.com
**ANGELI LAW GROUP LLC**
121 SW Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: 971.420.0220

*Cooperating attorneys on behalf of Compassion & Choices*

**Kevin Díaz**, OSB No. 970480
kdiaz@compassionandchoices.org
**Amitai Heller**, La. Bar No. 36495
*Pro Hac Vice Forthcoming*
aheller@compassionandchoices.org
**COMPASSION & CHOICES**
101 SW Madison Street, Unit 8009
Portland, Oregon 97207
Telephone: 503.943.6532

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **NICHOLAS GIDEONSE, M.D.**, <br><br> Plaintiff, <br><br> v. <br><br> **KATE BROWN**, in her official capacity as Governor of Oregon; **ELLEN ROSENBLUM**, in her official capacity as Attorney General of Oregon; **PATRICK ALLEN**, in his official capacity as Director of the Oregon Health Authority; **NICOLE KRISHNASWAMI**, in her official capacity as Executive Director of the | Case No. 3:21-cv-1568 <br><br> COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF <br><br> Pursuant to 42 U.S.C. § 1983 |

PAGE 1 -   COMPLAINT

Oregon Medical Board, **MIKE SCHMIDT**, in his official capacity of Multnomah County District Attorney,

                              Defendants.

## I. INTRODUCTION

1. Oregon has led the nation in recognizing the right of mentally competent, terminally ill patients to seek medical aid in dying from their physicians for nearly three decades. During that time, approximately 2,900 people have sought and obtained a prescription from their physician to ease their suffering during their final moments of life. But access to this option is denied to nonresidents under Oregon law even if they otherwise qualify for a prescription under the Oregon Death With Dignity Act. This denial violates the United States Constitution.

2. Nicholas Gideonse ("Dr. Gideonse") brings this action to challenge the constitutionality of the Oregon Death with Dignity Act's ("Act") residency requirement, codified at Or. Rev. Stat. § 127.860. The Act gives mentally competent, terminally ill, adult patients the right to request and obtain a prescription from their attending patient so that they may have the option of using medical aid in dying, unless that patient is a resident of another state. The Act prohibits Oregon doctors from writing prescriptions for medical aid in dying if their patient does not reside in Oregon. By denying otherwise qualified patients access to medical care due solely to their residency status, the Act violates the Privileges and Immunities Clause (Art. IV, § 2) and the Commerce Clause (Article I, § 8) of the Constitution. Plaintiff seeks declaratory and injunctive relief to prevent enforcement of the Act's unconstitutional residency requirement.

## II. THE PARTIES

3. Dr. Gideonse is a primary care physician and professor who is licensed to practice medicine in Oregon. His practice includes addiction treatment, maternity care, and end-of-life care.

**BRADLEY BERNSTEIN SANDS LLP**
1425 SW 20TH AVE., SUITE 201
PORTLAND, OR, 97201
503.734.2480

4.      Dr. Gideonse works at Oregon Health & Sciences University ("OHSU"), located in Portland, Oregon, where he regularly advises terminally ill patients, some of whom live in the State of Washington. Dr. Gideonse is not licensed to practice medicine in Washington. Dr. Gideonse faces criminal and civil penalties as well as potential medical board disciplinary actions (up to and including the loss of his license to practice medicine) if he provides medical aid-in-dying prescriptions to non-Oregon residents who otherwise qualify for a prescription under the Act. The result is that that the Act prevents him from providing his non-resident patients with care consistent with his best medical judgment at one of the most important moments in their lives. Instead, he is forced to disrupt the continuum of care and attempt to refer such patients to another healthcare provider despite his ability to otherwise provide the care his patients requested. The disruption in care harms both his ability to manage the care for his patients and the care that such patients receive. If the Act no longer had a residency requirement, Dr. Gideonse would be able to write prescriptions for non-resident patients pursuant to the same medical standard of care for medical aid in dying that he provides to his patients residing in Oregon. Dr. Gideonse brings this suit on his behalf and on behalf of his patients residing outside of Oregon.

5.      Defendant Kate Brown is sued in her official capacity as Governor of the State of Oregon. She is vested with the chief executive power of the State, and has the duty to see that the State's laws, including laws related to health care, are faithfully executed. Or. Const. art. V, §§ 1, 10. Governor Brown has the authority to direct the attorney general to prosecute or investigate violations of law. Or. Rev. Stat. § 180.0070. Governor Brown and her subordinates also bear the authority and responsibility for the formulation and administration of the policies of the executive branch, including administrative agency policies relating to the practice of medicine. *See* Or. Rev. Stat. § 677.235. Governor Brown is tasked with appointing the members of the Oregon Medical Board. Governor Brown also has authority to remove from office members of the Oregon Medical Board at her discretion. *See* Or. Rev. Stat. § 677.235(3)(a). Governor Brown is a person within the

BRADLEY BERNSTEIN SANDS LLP
1425 SW 20TH AVE., SUITE 201
PORTLAND, OR, 97201
503.734.2480

meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint.

6. Defendant Ellen Rosenblum is sued in her official capacity as Oregon's Attorney General. As the chief law enforcement officer of the state of Oregon, one of her duties is to enforce the Act. Or. Rev. Stat. §§ 180.060 and 180.210. She also has "[f]ull charge and control of all the legal business of all departments, commissions and bureaus of the [S]tate," including advising these departments, commissions, and bureaus of their obligations under the United States Constitution. Or. Rev. Stat. § 180.220(1)(b). Ms. Rosenblum is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint.

7. Defendant Nicole Krishnaswami is sued in her official capacity as Executive Director of the Oregon Medical Board ("OMB"). Her duties include overseeing disciplinary and suspension matters brought before the OMB, and the authority to issue Notices of Civil Penalty for violations of the Board's administrative rules. *See* Or. Admin R. 847-001-0015; Or. Admin. R. 847-001-0035. Pursuant to regulation, OMB has the authority to discipline physicians. It is also charged with investigating and adjudicating situations where a physician has not complied with the Act. *See* Or. Admin. R. 847-010-0081; Or. Rev. Stat. § 677.190. The OMB has investigated at least 25 allegations of violations of the Act since the Act's inception. Death with Dignity Annual Reports, OREGON HEALTH AUTHORITY, https://www.oregon.gov/oha/ph/providerpartnerresources/evaluationresearch/deathwithdignityact/pages/ar-index.aspx. Ms. Krishnaswami is a person within the meaning of 42 U.S.C. § 1983, and was acting under color of state law at all times relevant to this complaint.

BRADLEY BERNSTEIN SANDS LLP
1425 SW 20TH AVE., SUITE 201
PORTLAND, OR, 97201
503.734.2480

8. Defendant Patrick Allen is sued in his official capacity as the Director of the Oregon Health Authority ("OHA"). The Act requires the OHA to make rules to facilitate the collection of information regarding compliance with the Act. Or. Rev. Stat. § 127.865. OHA also has a duty to protect the health of the public as defined by existing state laws. Or. Rev. Stat. § 413.032. The OHA is the state agency that designs and publishes the forms required to be completed by patients and physicians prior to receiving treatment under the Act. The OHA is also the state agency responsible for referring physicians to the OMB or the Oregon Board of Pharmacy for alleged failures to comply with the requirements of the Act. The OHA has referred at least 26 allegations of violations of the Act since the Act's inception. *See* Death with Dignity Annual Reports, *supra*. Mr. Allen is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to his complaint.

9. Defendant Mike Schmidt is sued in his official capacity as the District Attorney for Multnomah County. As District Attorney, Mr. Schmidt has the primary authority and responsibility for initiating and conducting criminal prosecutions within his jurisdiction. Mr. Schmidt is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint.

10. Defendants, through their respective duties and obligations, are responsible for enforcing the Act. Each defendant, and those subject to their direction, supervision, and control, have the responsibility to intentionally perform, participate in, aid and/or abet in the enforcement of the Act in some manner.

### III. JURISDICTION AND VENUE

11. Plaintiff bring this action under 42 U.S.C. § 1983 to redress the deprivation under color of state law of rights secured by the United States Constitution.

12. This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 because the matters in controversy arise under the Constitution and laws of the United States.

PAGE 5 -   COMPLAINT

13. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2) because defendant Schmidt maintains official offices in Multnomah County, Oregon, and all defendants reside within the state of Oregon; and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and Division.

## IV. FACTUAL BACKGROUND

14. Dr. Gideonse is a family practitioner whose practice includes opiate addiction treatment, establishing community standards for pain treatment and end-of life care. He attends to patients at OHSU and Kindred Hospice, and is an emergency and hospital clinician at Blue Mountain Hospital in John Day, Oregon. He is also an associate professor of family medicine at the OHSU School of Medicine.

15. Dr. Gideonse is licensed to practice medicine in Oregon but not in any other jurisdictions. Most of his patients are treated in Multnomah County, which borders Washington.

16. OHSU is a healthcare system that has locations throughout Oregon. OHSU serves approximately 200,000 people a year. Dr. Gideonse primarily practices at the OHSU Family Medicine at Richmond primary care clinic, in southeast Portland. The clinic is approximately eleven miles from the Washington border.

17. Through his work for Kindred Healthcare, Dr. Gideonse attends to hospice patients in the Salem and Portland metro areas, as well as the broader Willamette Valley region. The Lake Oswego office for Kindred Healthcare is approximately 18 miles from the Washington border.

18. Blue Mountain Hospital is a medical facility in John Day, Oregon. Dr. Gideonse provides emergency services at the facility approximately six weekends per year. Blue Mountain Hospital is approximately 130 miles from the Idaho border.

BRADLEY BERNSTEIN SANDS LLP
1425 SW 20TH AVE., SUITE 201
PORTLAND, OR, 97201
503.734.2480

19. Between his work at OHSU, Kindred Healthcare and Blue Mountain Hospital, it is typical for Dr. Gideonse to have an active panel of over 100 patients receiving end-of-life care. This care generally includes certifying patient terminality, treating their underlying conditions if so desired, and ordering palliative care when appropriate. In a typical week Dr. Gideonse may sign as many as ten death certificates.

20. Dr. Gideonse typically has at least one patient engaged in the process of pursuing medical aid in dying medication at any point in time. He writes approximately seven prescriptions pursuant to the Act per year.

21. Dr. Gideonse has significant experience with the process of medical aid in dying. In addition to caring for many patients who have sought medical aid in dying, he has taught courses on medical aid in dying at OHSU and Kindred Healthcare. Dr. Gideonse also regularly advises resident physicians at OHSU on the use of the practice.

22. The OHA requires Dr. Gideonse to complete and submit forms when assisting a patient with medical aid in dying. One of these forms, the Attending Physician's Compliance Form, contains a checklist of actions he must take in order to comply with the Act. One of those checkboxes requires him to confirm that the patient requesting medical aid in dying is a resident of Oregon.

23. Within the past year, Dr. Gideonse has treated at least 16 patients residing in Washington. Historically, a number of his Washingtonian patients have resided in neighboring Clark County, Washington.

24. In the past, Dr. Gideonse has received requests from Washington residents seeking assistance with qualifying for and obtaining a prescription for medication under the Act. Despite the likelihood that these individuals were otherwise eligible for medical aid in dying, Dr. Gideonse was unable to consider these requests solely on the basis of residency.

BRADLEY BERNSTEIN SANDS LLP
1425 SW 20TH AVE., SUITE 201
PORTLAND, OR, 97201
503.734.2480

25. Thus, Dr. Gideonse is barred from providing medical aid in dying to patients who are otherwise eligible to receive that care if they are non-residents. Medical aid in dying is the only medical procedure in Dr. Gideonse's day to day practice where a patient's lack of Oregon residency status categorically denies the otherwise appropriate care he can provide them.

26. In the past, Dr. Gideonse has treated qualified non-resident patients that requested medical aid in dying under the Act. Had they been residents, he would have treated them as he did any other patient. Because they were non-residents, he was required to deny these patients the medical care solely due to their residency status.

27. Dr. Gideonse currently attends to a number of Washingtonian patients who he could assist with medical aid in dying, provided they met the eligibility requirements of the Act and desired such treatment. The inability to provide this option to his Washingtonian patients interrupts the continuity of care and degrades the quality of services that Dr. Gideonse's patients receive. As a result of the Act's residency requirement, he is prevented from practicing medicine pursuant to his best medical judgment.

28. Dr. Gideonse intends to continue treating Washingtonian patients and desires to present them with the full range of medically-appropriate options available to them at the end of life, including, when requested, medical aid in dying.

29. Dr. Gideonse's inability to offer medical aid in dying to non-Oregonians interferes with his ability to transact and engage in commerce because it limits the number of patients that he can treat and forces him to decline to treat patients that seek medical aid in dying who are residents of Washington.

**BRADLEY BERNSTEIN SANDS LLP**
1425 SW 20TH AVE., SUITE 201
PORTLAND, OR, 97201
503.734.2480

# V. FIRST CLAIM FOR RELIEF

## (42 U.S.C. §1983 The Act Violates the Privileges and Immunities Clause)

30. Plaintiff incorporates by reference all preceding paragraphs.

31. Plaintiff states this cause of action against defendants in their official capacity for purposes of seeking declaratory and injunctive relief.

32. The Privileges and Immunities Clause in Article IV of the United States Constitution provides that "[t]he Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." U.S. Const. art IV, § 2.

33. Thus, there are explicit protections for citizens of one state who travel in another state, intending to return home at the end of their journey, to enjoy the "Privileges and Immunities of Citizens in the several States" that they visit. As such, the Privileges and Immunities Clause prohibits differential treatment of in-state and out-of-state residents that infringes on the fundamental right to travel.

34. The Privileges and Immunities Clause prevents a state from restricting non-resident visitors access to medical care within its borders absent a substantial state interest and restrictions narrowly tailored to those interests.

35. The Act's residency requirement violates the Privileges and Immunities Clause by prohibiting otherwise qualified individuals from working with their physicians to access medical aid in dying due simply to their status as residents of another state. Specifically, Dr. Gideonse's non-Oregonian patients are injured by their inability to obtain medical aid in dying from Dr. Gideonse because of the Act's residency restriction. Dr. Gideonse's out-of-state patients' access to his medical services allowing them to pursue medical aid in dying has been barred by their out-of-state residency. Further, for many terminally ill patients, the Act's residency requirement functions as an absolute prohibition on medical aid in dying due to their inability to relocate or travel significant distances while experiencing debilitating medical conditions.

BRADLEY BERNSTEIN SANDS LLP
1425 SW 20TH AVE., SUITE 201
PORTLAND, OR, 97201
503.734.2480

36. The residency requirement also prevents Dr. Gideonse from treating non-Oregonian patients according to the same medical standard of care he applies to Oregon residents for fear of civil or criminal consequence, including the threat of discipline from the OMB.

37. The differential treatment between resident and non-resident patients established by the Act is not necessary to achieve any substantial state interest.

38. The Act creates an invidious classification that impinges on the right to interstate travel by denying non-residents access to Oregonian medical care.

39. Defendants' enforcement of the Act constitutes a failure to accord residents and non-residents, including Plaintiff and his patients, equal treatment.

40. Defendants' enforcement of the Act restricts the ability of out-of-state residents, including Plaintiff's patients, to access medical services.

41. The Act's residency requirement inhibits Plaintiff's ability to provide medical care within the state of Oregon.

42. The Act's residency requirement inhibits Plaintiff's patients' ability to receive medical care within the state of Oregon.

43. Plaintiff is entitled to a declaration that the Act's residency requirement violates the Privileges and Immunities Clause and is therefore unconstitutional.

44. Plaintiff is entitled to a permanent injunction enjoining Defendants from enforcing the Act's residency requirement.

## VI. SECOND CLAIM FOR RELIEF

### (42 U.S.C. § 1983—The Act Violates the Dormant Commerce Clause)

45. Plaintiff incorporates by reference all preceding paragraphs.

46. Plaintiff states this cause of action against Defendants in their official capacity for purposes of seeking declaratory and injunctive relief.

47. The Dormant Commerce Clause of Article I, Section 8 of the U.S. Constitution and 42 U.S.C. § 1983 prohibit state laws that discriminate against interstate commerce.

BRADLEY BERNSTEIN SANDS LLP
1425 SW 20TH AVE., SUITE 201
PORTLAND, OR, 97201
503.734.2480

48. The Act has a substantial effect on interstate commerce in medical services. The Act prevents Dr. Gideonse from providing specific medical services to existing patients crossing state lines from Washington to Oregon. The Act also prevents Dr. Gideonse from attending to prospective out-of-state patients while working in offices in Oregon who would otherwise procure his services were he permitted to assist them with medical aid in dying. Further, the Act also violates the Dormant Commerce Clause because it prevents Dr. Gideonse's Washingtonian patients from procuring services in Oregon solely on the basis of their residency.

49. The Act discriminates against interstate commerce on its face. By its terms, the Act distinguishes between Oregon and out-of-state residents. In doing so, the Act restricts an out-of-state resident's ability to access Oregon medical services. In the same manner, the Act restricts a physician in Oregon from providing out-of-state residents with access to medical services when he attends to them in Oregon.

50. Alternatively, the Act substantially burdens interstate commerce by discouraging non-residents from traveling to Oregon and discouraging physicians practicing in Oregon from attending to patients who do not meet the requirements of Oregon residency. That burden clearly exceeds the benefits, if any, provided by the Act's residency requirement.

51. Plaintiff is entitled to a declaration that the Act's residency requirement violates the Dormant Commerce Clause and is therefore unconstitutional.

52. Plaintiff is entitled to a permanent injunction enjoining Defendants from enforcing the Act's residency requirement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully pray for judgment as follows:

1. On Plaintiff's First and Second Claims for Relief as follows:

    a. For declaratory and injunctive relief as follows:

**BRADLEY BERNSTEIN SANDS LLP**
1425 SW 20TH AVE., SUITE 201
PORTLAND, OR, 97201
503.734.2480

(1) a declaration that the Act's residency requirement violates the Privileges and Immunities Clause of Article IV, § 2 of the United States Constitution;

(2) a declaration that the Act's residency requirement violates the Dormant Commerce Clause of Article I, Section 8 of the United States Constitution;

(3) a declaration that each statutory and regulatory provision enforced by Defendants complained herein violates the Privileges and Immunities Clause and the Dormant Commerce Clause of the United States Constitution;

(4) an order permanently enjoining Defendants from taking any further action pursuant to the Act's residency requirement;

b. awarding Plaintiff his reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

2. All such further relief as the Court may deem equitable and proper.

DATED: October 28, 2021.

    s/ Darin M. Sands
Darin M. Sands, OSB No. 106624
dsands@bradleybernsteinllp.com
**BRADLEY BERNSTEIN SANDS LLP**
1425 SW 20th Ave., Suite 201
Portland, Oregon 97201
Telephone: 503.734.2480

Peter D. Hawkes, OSB No. 071986
peter@angelilaw.com
**ANGELI LAW GROUP LLC**
121 SW Morrison Street, Suite 400
Portland, Oregon 97204
Telephone: 971.420.0220

*Cooperating attorneys on behalf of Compassion & Choices*

Kevin Díaz, OSB No. 970480
kdiaz@compassionandchoices.org
Amitai Heller, La. Bar No. 36495
*Pro Hac Vice Forthcoming*
aheller@compassionandchoices.org

PAGE 12 - COMPLAINT

**COMPASSION & CHOICES**
101 SW Madison Street, Unit 8009
Portland, Oregon 97207
Telephone: 503.943.6532

*Attorneys for Plaintiff*